IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10327
Summary Calendar
_____

ARABIAN SHIELD DEVELOPMENT COMPANY,

                                        Plaintiff-Appellant,

versus

CENTRAL INTELLIGENCE AGENCY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-624-BD
--------------------
January 28, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Arabian Shield Development Company appeals the district court's order granting the CIA's motion for summary judgment. Arabian Shield sought judicial review of the CIA's decision denying Arabian Shield's requests for information under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).  The CIA denied the requests because it determined that the fact of the existence or nonexistence of the requested information was classified pursuant to Executive Order 12958, and would relate directly to information concerning intelligence sources and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methods which the Director of Central Intelligence has the responsibility to protect from disclosure pursuant to the National Security Act of 1947, 50 U.S.C. § 403(d)(3).  Thus, the information was exempt from disclosure under FOIA §§ 552(b)(1) and (b)(3).

We have reviewed the record and find no reversible error. Arabian Shield has not shown that the district court erred in concluding that the CIA had met its burden of establishing an exemption under FOIA § 552(b)(1).  See 5 U.S.C. § 552(a)(4)(B). Nor has Arabian Shield shown that the district court erred in concluding that the information was exempt from disclosure under FOIA § 552(b)(3).  See Knight v. CIA, 872 F.2d 660 (5th Cir. 1989).

AFFIRMED.